UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUTHER G. LOUIS-JEUNE, on His Own Behalf )
and as Father and Next Friend of KWABENA )
LOUIS-JEUNE, )
                                      )              **COMPLAINT**
                        Plaintiffs, )
                                        )              **JURY TRIAL DEMANDED**
    -against- )
                                        )
THE CITY OF NEW YORK; POLICE OFFICER )
PAULE RIVERA, Shield No. 15293; POLICE )
LIEUTENANT DANIEL BROWN; POLICE )
OFFICER TIMOTHY SPRAGUE, Shield No. )
24789; JOHN DOES and RICHARD ROES, )
                                        )
                         Defendants. )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs, LUTHER G. LOUIS-JEUNE, on His Own Behalf and as Father and Next Friend of KWABENA LOUIS-JEUNE, seeks relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.      The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

**JURY TRIAL DEMANDED**

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

**VENUE**

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

**NOTICE OF CLAIM**

6.      Plaintiffs filed a timely Notice of Claim with the Comptroller of the City of New York on February 26, 2015, within 90 the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

7.      Plaintiffs LUTHER G. LOUIS-JEUNE, on His Own Behalf and as Father and Next Friend of KWABENA LOUIS-JEUNE, at all times relevant herein were residents of the State of New York.  KWABENA LOUIS-JEUNE at the time of the incident was three years old. Both of Plaintiffs LUTHER G. LOUIS-JEUNE and KWABENA LOUIS-JEUNE are African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police

Department.

9.      Defendants POLICE OFFICER PAULE RIVERA, POLICE LIEUTENANT

DANIEL BROWN, POLICE OFFICER TIMOTHY SPRAGUE and JOHN DOES are and were

at all times relevant herein duly appointed and acting officers, servants, employees and agents of

THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal

agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Police Department, and were otherwise performing and engaging

in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants POLICE OFFICER PAULE RIVERA, POLICE LIEUTENANT DANIEL BROWN,

POLICE OFFICER TIMOTHY SPRAGUE and JOHN DOES are sued individually.

10.     Defendants POLICE LIEUTENANT DANIEL BROWN and RICHARD ROES

are and were at all times relevant herein duly appointed and acting supervisory officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, responsible for the training, retention, supervision, discipline and control of

3

subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE LIEUTENANT DANIEL BROWN and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On the evening of December 3, 2014, approximately 6:14 pm, Plaintiffs, LUTHER LOUIS-JEUNE and his three (3) year old infant son KWABENA LOUIS-JEUNE, were on the north sidewalk of East 52nd Street in Manhattan, between 5th Avenue and Madison Avenue.

12.     Plaintiff LUTHER LOUIS-JEUNE was hoping to take his son to see the lighting of the Christmas tree at Rockefeller Center.

13.     Plaintiff LUTHER LOUIS-JEUNE had tried to walk southbound on 5th Avenue, but encountered police barriers that diverted pedestrian traffic eastbound on the north sidewalk of 52nd Street.

14.     The NYPD did this, on information and belief, as a way of queuing up the large crowd that wanted to see the tree lighting, so that they could make their way through some winding set of blocks to eventually see the tree.

15.     As Plaintiff LUTHER LOUIS-JEUNE proceeded eastbound on the north sidewalk of 52nd Street he encountered another set of police barriers, with numerous JOHN DOES members of the NYPD in the vicinity of the barriers.

16.     The JOHN DOES officers were not allowing members of the public to proceed westward through the barriers.  They were only allowing members of the public to go eastward through the barriers.

17.     It was exceedingly crowded on the other side (the east side) of these barriers, and Plaintiff LUTHER LOUIS-JEUNE did not want to take his son into such a dense crowd.

18.     In light of the denseness of the crowd, Plaintiff LUTHER LOUIS-JEUNE changed his mind and decided that he would not take his son to see the tree lighting.

19.     Plaintiff LUTHER LOUIS-JEUNE and his son then turned to walk, holding hands, back westbound on the north sidewalk of East 52nd Street, to try to exit the area.

20.     A JOHN DOE member of the NYPD, on information and belief Defendant RIVERA, began to yell in Plaintiff LUTHER LOUIS-JEUNE's direction.

21.     Because of the presence of other people, it was unclear whether Defendant RIVERA was addressing Plaintiff, and what he was yelling was also indecipherable, but Plaintiff LUTHER LOUIS-JEUNE got the sense that Defendant RIVERA wanted him to clear the area near the barricade, so Plaintiff LUTHER LOUIS-JEUNE began to walk with his son, still holding hands, back westbound on the north sidewalk of East 52nd Street, to try to exit the area.

22.     Defendant RIVERA - apparently under the incorrect or feigned belief that Plaintiff LUTHER LOUIS-JEUNE and his son had crossed the barrier from the east to the west - then came over to Plaintiff LUTHER LOUIS-JEUNE and his son, told Plaintiff LUTHER LOUIS-

JEUNE to move, and began, without cause or justification, to push Plaintiff LUTHER LOUIS-JEUNE in the opposite direction (eastward) from the westward direction that he was then going with his son.

23.     Plaintiff began to try to explain to Defendant RIVERA that he had not come from the east side of the barrier, but had approached it from the west, and did not want to cross it so was going back toward the west to exit the area rather than entering the dense crowd to the east of the barrier.

24.     Plaintiff LUTHER LOUIS-JEUNE – perplexed and disturbed at being pushed by Defendant RIVERA - asked Defendant RIVERA if he was going to physically remove him and his son to the east.

25.     Defendant RIVERA continued to push Plaintiff LUTHER LOUIS-JEUNE, and pushed Plaintiff LUTHER LOUIS-JEUNE into his son, KWABENA LOUIS-JEUNE.

26.     Defendant RIVERA then, without cause or justification, began to twist Plaintiff's arm to handcuff him.

27.     As Defendant RIVERA began to twist Plaintiff LUTHER LOUIS-JEUNE's arm, another JOHN DOE member of the NYPD, on information and belief Defendant SPRAGUE, tackled Plaintiff LUTHER LOUIS-JEUNE roughly to the ground.

28.     Other JOHN DOES members of the NYPD then joined in the assault on Plaintiff LUTHER LOUIS-JEUNE.

29.     As the JOHN DOES members of the NYPD assaulted Plaintiff LUTHER LOUIS-JEUNE, Plaintiff KWABENA LOUIS-JEUNE was briefly caught under the jumble of bodies, until he was pulled out by civilian good Samaritans who were present, one of whom lifted him up

in her arms and attempted to comfort him as he watched his father being brutalized by the Officers.

30.     Plaintiff LUTHER LOUIS-JEUNE kept yelling out that he had a three year old child with him.

31.     A JOHN DOE(S) put his knee(s) in Plaintiff LUTHER LOUIS-JEUNE's back.

32.     The JOHN DOE Officers handcuffed Plaintiff LUTHER LOUIS-JEUNE behind his back.

33.     Plaintiff LUTHER LOUIS-JEUNE asked over and over what was happening concerning his son, but the JOHN DOE Officers did not provide him with information.

34.     As the JOHN DOES Officers took Plaintiff LUTHER LOUIS-JEUNE to a police car, Plaintiff LUTHER LOUIS-JEUNE asked to speak with a member of the NYPD of supervisory rank, and one was pointed out to him.

35.     Plaintiff LUTHER LOUIS-JEUNE told the supervisor that he had no idea what was going to happen concerning his son.

36.     The JOHN DOE supervisor began to say something in response to Plaintiff LUTHER LOUIS-JEUNE, when one of the JOHN DOES Officers - who were yelling at Plaintiff to get into the car - punched Plaintiff LUTHER LOUIS-JEUNE in the stomach and clubbed Plaintiff LUTHER LOUIS-JEUNE in the head with his closed fist / forearm, causing Plaintiff LUTHER LOUIS-JEUNE to fall backwards into the police car.

37.     Plaintiff continued to ask what was happening, particularly concerning his son.

38.     JOHN DOES Officers drove Plaintiff away, and eventually told Plaintiff LUTHER LOUIS-JEUNE that his son was going to be taken to a hospital.

7

39.     Plaintiff LUTHER LOUIS-JEUNE was taken to a local police precinct, where he was fingerprinted and photographed, and placed into a holding cell.

40.     While in the holding cell, a police officer asked Plaintiff LUTHER LOUIS-JEUNE for a phone number of someone who could pick up his son.

41.     Plaintiff LUTHER LOUIS-JEUNE gave his sister's phone number, and she at some point picked up Plaintiff KWABENA LOUIS-JEUNE (who had been taken by JOHN DOES members of the NYPD to St. Luke's Roosevelt hospital, and who was hysterical after seeing his father be brutalized by Defendants) from the police.

42.     Plaintiff began to feel faint and weak from what he had just been put through by the JOHN DOES officers, and requested medical care.

43.     Plaintiff fainted at some point in the holding cell, and fell to the floor.

44.     After some time, an ambulance and EMTs arrived at the precinct, and Plaintiff was picked up off the floor and placed in a device resembling a wheelchair.

45.     Both handcuffs and leg shackles were applied to Plaintiff LUTHER LOUIS-JEUNE.

46.     The handcuffs and leg shackles were applied with an excessive and punitive tightness.

47.     Plaintiff LUTHER LOUIS-JEUNE was in excruciating pain all over his body, and in particular to his elbows, shoulder, knees, neck, and head.

48.     Plaintiff LUTHER LOUIS-JEUNE at that point was drifting in and out of consciousness.

8

49.     Plaintiff LUTHER LOUIS-JEUNE was brought out of the precinct and placed into an ambulance, and taken to St. Luke's Roosevelt hospital.

50.     At the hospital Plaintiff LUTHER LOUIS-JEUNE began bleeding from his mouth, and was examined and treated.

51.     From the hospital Plaintiff LUTHER LOUIS-JEUNE was taken to Manhattan Central Booking, where he was again fingerprinted and photographed.

52.     Plaintiff LUTHER LOUIS-JEUNE was held at Central Booking until the following day, when he was arraigned.

53.     At no point had any of the JOHN DOES Officers informed Plaintiff LUTHER LOUIS-JEUNE why he had been arrested.

54.     Plaintiff LUTHER LOUIS-JEUNE was falsely charged with violation of New York State Penal Law § 195.05 (Obstructing Governmental Administration in the Second Degree), § 205.30 (Resisting Arrest), § 240.20(6) (Disorderly Conduct), and § 240.26(1) (Harassment in the Second Degree).

55.     The deponent on the Criminal Court Complaint lodged against Plaintiff LUTHER LOUIS-JEUNE was Defendant RIVERA, who falsely alleged that he observed Plaintiff LUTHER LOUIS-JEUNE walk around a police barrier onto a closed street, and that when Defendant RIVERA informed Plaintiff LUTHER LOUIS-JEUNE that the street was closed and ordered Plaintiff LUTHER LOUIS-JEUNE to turn around, Plaintiff LUTHER LOUIS-JEUNE remained where he was and did not move, and that when Defendant RIVERA attempted to escort Plaintiff LUTHER LOUIS-JEUNE off the closed street, Plaintiff LUTHER LOUIS-JEUNE flailed his arms, preventing Defendant RIVERA from doing so.  Defendant RIVERA further falsely alleged

9

that when he attempted to place Plaintiff LUTHER LOUIS-JEUNE under arrest, Plaintiff

LUTHER LOUIS-JEUNE grabbed Defendant RIVERA's arms, twisted away from Defendant

RIVERA, refused to put his hands behind his back, flailed his arms, and placed his right hand

under his body on the ground, making it difficult to place Plaintiff LUTHER LOUIS-JEUNE in

handcuffs.

56.    Defendant RIVERA's allegations on the Criminal Court Complaint are lies.

57.    Plaintiff LUTHER LOUIS-JEUNE was released on his own recognizance

following his arraignment, at approximately 3 or 4 p.m. on December 4, 2014.

58.    All of the charges against Plaintiff LUTHER LOUIS-JEUNE have been dismissed

in their entirety by way of Adjournment in Contemplation of Dismissal ("ACD").

59.    Defendant Lieutenant BROWN is listed as the "Supervisor Approving" on the

NYPD Complaint and Arrest Reports.

60.    As a result of being manhandled by the Defendant Officers, Plaintiff LUTHER

LOUIS-JEUNE sustained numerous serious injuries, some of them continuing.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

61.    The plaintiffs incorporate by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

62.    By their conduct and actions in falsely arresting and imprisoning plaintiffs,

assaulting and battering plaintiffs, trespassing upon plaintiffs, violating and retaliating for the

exercise of plaintiffs' rights to free speech and association, abusing process against Plaintiff

10

LUTHER LOUIS-JEUNE, fabricating evidence concerning Plaintiff LUTHER LOUIS-JEUNE, violating rights to equal protection of plaintiffs, violating rights to substantive due process of plaintiffs, failing to intercede on behalf of the plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment they received at the hands of other defendants, Defendants RIVERA, BROWN, SPRAGUE, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

63.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

64.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants BROWN and/or ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

11

66.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

67.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

69.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

70.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

71.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing stops, frisks, and arrests, particularly upon people of Hispanic or African-American ethnicity, often accompanied by the use of unnecessary and excessive force.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

72.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

73.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

13

75.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

76.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.     By the actions described above, defendants did inflict assault and battery upon the plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

79.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80.     By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and

14

common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

82.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83.     By the actions described above, defendants violated plaintiffs' rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

85.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86.     By the conduct and actions described above, defendants employed regularly issued process against Plaintiff LUTHER LOUIS-JEUNE, compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm Plaintiff LUTHER

LOUIS-JEUNE without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to Plaintiff LUTHER LOUIS-JEUNE which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff LUTHER LOUIS-JEUNE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### TRESPASS

88.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89.    The defendants willfully, wrongfully and unlawfully trespassed upon the persons of plaintiffs.

90.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

16

92.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

94.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

95.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

17

97.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

98.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

100.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

101.     Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§ 6, 8, 11, and 12 of the New York State Constitution.

102.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

103.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

18

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The convening and empaneling of a jury to consider the merits of the claims herein;

    d.  Costs and interest and attorney's fees;

    e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
              March 1, 2016

                                _____/S/_____
                                JEFFREY A. ROTHMAN, Esq.
                                Law Office of Jeffrey A. Rothman
                                315 Broadway, Suite 200
                                New York, New York 10007
                                (212) 227-2980

                                Attorney for Plaintiffs