USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: APR 14 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LUTHER G. LOUIS-JEUNE, on His Own Behalf and as Father and Next Friend of KWABENA LOUIS-JEUNE,,

Plaintiffs,

-against-

THE CITY OF NEW YORK; POLICE OFFICER PAULE RIVERA, Shield No. 15293; POLICE LIEUTENANT DANIEL BROWN; POLICE OFFICER TIMONTHY SPRAGUE, Shield No. 24789; JOHN DOES and RICHARD ROES,,

Defendants.
---------------------------------------------------------------x

**STIPULATION AND ORDER OF DISMISSAL**

16CV1587 (RA)

**WHEREAS**, the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

1. The above-referenced action is hereby dismissed with prejudice; and

2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
April 6, 2017

JEFFREY A ROTHMAN
*Attorney for Plaintiff*
315 Broadway, Suite 200
New York, New York 10007

By: _____ 4/5/17
Jeffrey A Rothman
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York,
Rivera, Sprague, and Brown*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____ 4/6/17
Omar J. Siddiqi
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2017

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LUTHER G. LOUIS-JEUNE, on His Own Behalf and as
Father and Next Friend of KWABENA LOUIS-JEUNE,,

                          Plaintiffs,

                 -against-

THE CITY OF NEW YORK; POLICE OFFICER PAULE
RIVERA, Shield No. 15293; POLICE LIEUTENANT
DANIEL BROWN; POLICE OFFICER TIMONTHY
SPRAGUE, Shield No. 24789; JOHN DOES and RICHARD
ROES,,

                           Defendants.
------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

16CV1587 (RA)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about March 1, 2016, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York, Officer Paule Rivera, Officer Timothy Sprague, and Lieutenant Daniel Brown have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below; and

        **WHEREAS,** plaintiff Kwabena Louis-Jeune is an infant who brings this lawsuit by their Father, Luther Louis-Jeune; and

WHEREAS, on or about April 14, 2017, this Court approved plaintiffs' motion for an infant compromise;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Luther Louis-Jeune the sum of One Hundred Twenty Thousand ($120,000.00) Dollars and plaintiff Luther Louis-Jeune, as Father of Kwabena Louis-Jeune the sum of Forty Thousand ($40,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release defendants City of New York, Officer Rivera, Officer Sprague and Lieutenant Brown; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Releases, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs each shall execute and deliver to the City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any

conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
April 6, 2017

JEFFREY A ROTHMAN
*Attorney for Plaintiff*
315 Broadway, Suite 200
New York, New York 10007

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, Rivera, Sprague, and Brown*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____ 4/5/17
Jeffrey A Rothman
*Attorney for Plaintiff*

By: _____ 4/6/17
Omar J. Siddiqi
*Assistant Corporation Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUTHER G. LOUIS-JEUNE, on His Own Behalf )
and as Father and Next Friend of KWABENA )
LOUIS-JEUNE, )
)
) **DECLARATION OF COUNSEL**
Plaintiffs, )
) 16 Civ. 1587 (RA)
-against- )
)
THE CITY OF NEW YORK; POLICE OFFICER )
PAULE RIVERA, Shield No. 15293; POLICE )
LIEUTENANT DANIEL BROWN; POLICE )
OFFICER TIMOTHY SPRAGUE, Shield No. )
24789; JOHN DOES and RICHARD ROES, )
)
Defendants. )
------------------------------------------------------------X

JEFFREY A. ROTHMAN, hereby declares under penalty of perjury the truth of the following:

1. I am a solo practitioner located at 315 Broadway, Suite 200, New York, NY 10007. I am attorney of record for infant plaintiff Kwabena Louis-Jeune (hereafter "Kwabena") herein, and am fully familiar with the facts of this matter.

2. I make this declaration in support of plaintiff's proposed order of compromise for infant plaintiff Kwabena's claims against defendants.

3. I was retained by Luther Louis-Jeune (hereafter "Luther") to represent him on his own behalf and on behalf of his son Kwabena in the above-captioned matter on January 12, 2016.

4. Luther had previously retained another attorney, Frank Pellegrini, Esq., to represent him on his own behalf and on behalf of his son Kwabena concerning this same matter, and Mr. Pellegrini had filed suit in New York State Supreme Court, New York County.

5. Upon being retained I voluntarily dismissed the New York State court action, and filed the instant suit in this court.

6. The circumstances giving rise to the action (set forth in greater detail in the Complaint that has been filed in this action) are that on December 3, 2014 (when Kwabena was 3 years old) Luther was arrested and subjected to force by members of the NYPD in midtown Manhattan while with Kwabena. Kwabena was briefly caught underneath Luther and the arresting officers, until Kwabena was pulled out by civilian good Samaritans who were present, one of whom lifted Kwabena up in her arms and attempted to comfort him. Kwabena was taken by members of the NYPD to St. Luke's Roosevelt hospital, and he was picked up from there by Luther's sister shortly thereafter. Kwabena suffered no physical injuries from the incident. Kwabena's hospital records from the date of the incident indicate that he saw Luther being arrested and that Kwabena was crying and upset about it. Kwabena has not had any other treatment stemming from the incident, and no further need for treatment stemming from the incident is anticipated by Luther. Luther sustained significant physical injuries from the incident, involving a significant amount of medical care.

7. Luther brought claims on behalf of his infant son alleging, *inter alia*, that the arresting officers used unreasonable force upon both of them and falsely arrested and imprisoned both of them.

8. On December 1, 2016 Defendants made a Rule 68 offer of $100,001 to Luther, and $25,001 to Kwabena, plus reasonable attorneys' fees, expenses, and costs to the date of the offer for the federal claims.

9. The parties thereafter engaged in negotiations concerning the attorneys'

2

fees and costs, and on March 1, 2017 reached an agreement whereby the Rule 68 Offer and acceptance would be converted to a settlement wherein Luther would receive $120,000, and Kwabena would receive $40,000.

7. Of the $40,000 settlement sum payable to Kwabena, pursuant to the retainer agreement, the sum of $13,333 is to be received as attorneys' fees[1], and $249 will be received by myself as reimbursement of Kwabena's pro-rata portion (one half) of the out of pocket costs and disbursements which have been incurred by myself in prosecuting the above-entitled lawsuit. The remainder, $26,418 (twenty six thousand, four hundred eighteen dollars) is to be received by Kwabena Louis-Jeune, which is to be deposited into a bank account at Carver Bank located at 75 West 125th Street, New York, NY 10027, where it will be held for him until his 18th birthday.

10. Myself, and prior counsel, have performed substantial work on plaintiffs' behalves. As of the date of the Rule 68 Offer, the undersigned had expended at least 56 hours on this case, and Mr. Pellegrini 31.1 hours.

11. As attorney for the infant plaintiff I have not directly or indirectly become concerned with settlement in this matter at the instance of any party or person opposing the infant plaintiff in this matter nor with any party or person with interests adverse to the infant plaintiff in this matter. Further, I have not, nor will I, receive any compensation from any party or person of adverse interest to the infant plaintiff.

---

[1] I will be disbursing part of the attorneys' fees to other counsel who have expended time concerning this matter, including prior counsel Mr. Pellegrini. These disbursements will not affect Plaintiffs' respective net recoveries.

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed on April 5, 2017.

                                                           Jeffrey A. Rothman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUTHER G. LOUIS-JEUNE, on His Own Behalf )
and as Father and Next Friend of KWABENA )
LOUIS-JEUNE, )
 )
 ) **DECLARATION OF LUTHER**
      Plaintiffs, ) **LOUIS-JEUNE AS FATHER**
 ) **AND NEXT FRIEND OF**
-against- ) **KWABENA LOUIS-JEUNE**
 )
THE CITY OF NEW YORK; POLICE OFFICER ) 16 Civ. 1587 (RA)
PAULE RIVERA, Shield No. 15293; POLICE )
LIEUTENANT DANIEL BROWN; POLICE )
OFFICER TIMOTHY SPRAGUE, Shield No. )
24789; JOHN DOES and RICHARD ROES, )
 )
      Defendants. )
------------------------------------------------------------X

  Luther Louis-Jeune hereby declares under penalty of perjury that the following is true and correct:

  1.  I am the father of Kwabena Louis-Jeune, who is now 6 years old.

  2.  I make this declaration in support of the compromise order and settlement agreement with Defendants.

  3.  The circumstances giving rise to the action (set forth in greater detail in the Complaint that has been filed in this action) are that on December 3, 2014 (when Kwabena was 3 years old) I was arrested and subjected to force by members of the NYPD in midtown Manhattan while with Kwabena. Kwabena was briefly caught underneath myself and the arresting officers, until he was pulled out by civilian good Samaritans who were present, one of whom lifted him up in her arms and attempted to comfort him. Kwabena was taken by members of the NYPD to St. Luke's Roosevelt hospital, and he was picked up from there by my sister shortly thereafter.

1

Kwabena suffered no physical injuries from the incident. Kwabena's hospital records from the date of the incident indicate that he saw me being arrested and that he was crying and upset about it. Kwabena has not had any other treatment stemming from the incident, and no further need for treatment stemming from the incident is anticipated. I sustained significant physical injuries from the incident, involving a significant amount of medical care.

4. I brought claims on behalf of my infant son alleging, *inter alia*, that the arresting officers used unreasonable force upon us both and falsely arrested and imprisoned us both.

5. On December 1, 2016 Defendants made a Rule 68 offer of $100,001 to me, and $25,001 to Kwabena, plus reasonable attorneys' fees, expenses, and costs to the date of the offer for the federal claims.

6. The parties thereafter engaged in negotiations concerning the attorneys' fees and costs, and on March 1, 2017 reached an agreement whereby the Rule 68 Offer and acceptance would be converted to a settlement wherein I would receive $120,000, and Kwabena would receive $40,000.

7. Of the $40,000 settlement sum payable to Kwabena, pursuant to the retainer agreement with my attorney Jeffrey A. Rothman, the sum of $13,333 is to be received by Jeffrey A. Rothman, Esq. as attorneys' fees, and $249 will be received by counsel as reimbursement of Kwabena's pro-rata portion (one half) of the out of pocket costs and disbursements which have been incurred by counsel on both my and his behalf in prosecuting the above-entitled lawsuit. The remainder, $26,418 (twenty six thousand, four hundred eighteen dollars) is to be received by Kwabena Louis-Jeune, which is to be deposited into a bank account

at Carver Bank located at 75 West 125th Street, New York, NY 10027, where it will be held for him until his 18th birthday.

       7.     The terms and conditions of this settlement offer with the Defendants have been fully explained to me by my attorney and I approve and accept the Infant's Compromise Order attached hereto.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Signed on April 5, 2017.

*Luther Louis-Jeune*

STATE OF NEW YORK  )
:SS
COUNTY OF NEW YORK  )

On this 5th day of April, 2017, before me personally came Luther Louis-Jeune, to me known and known to me to be the individual described in and who executed the foregoing instrument, and she acknowledged to me that she executed the same.

NOTARY PUBLIC

JEFFREY A. ROTHMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RO6104562
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JANUARY 26, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUTHER G. LOUIS-JEUNE, on His Own Behalf )
and as Father and Next Friend of KWABENA )
LOUIS-JEUNE, )
                                                                ) **STIPULATION AND**
                      Plaintiffs,   ) **ORDER OF COMPROMISE**
                                                                ) **CONCERNING INFANT**
     -against-               ) **KWABENA LOUIS-JEUNE**

THE CITY OF NEW YORK; POLICE OFFICER ) 16 Civ. 1587 (RA)
PAULE RIVERA, Shield No. 15293; POLICE )
LIEUTENANT DANIEL BROWN; POLICE )
OFFICER TIMOTHY SPRAGUE, Shield No. )
24789; JOHN DOES and RICHARD ROES, )
                                                                )
                       Defendants.    )
-----------------------------------------------------------------X

     Upon the declarations of Luther Louis-Jeune, the adult plaintiff herein who brought suit on behalf of his minor son Kwabena Louis-Jeune, signed on April 5, 2017, and the declaration of Jeffrey A. Rothman, Esq., attorney for plaintiff herein, signed on April 5, 2017, and due deliberation having been had thereon, and upon consideration of the issues and claims in the litigation and upon the proffers of evidence, and it appearing that the best interest of the minor plaintiff, Kwabena Louis-Jeune, would be served by approval of the proposed compromise in settlement, now, on the motion of Jeffrey A. Rothman, attorney for the infant plaintiff herein, it is hereby:

     ORDERED, that the plaintiff, Luther Louis-Jeune, is authorized and empowered, in the interest of his son, Kwabena Louis-Jeune, to settle and compromise Kwabena Louis-Jeune's claims against all defendants for the sum of $40,000.00 exactly (the "Settlement Amount"), in full satisfaction of all his claims, inclusive of costs, expenses, and attorneys' fees; and it is further,

     ORDERED, that of the Settlement Amount, the sum of $13,333.00, is to be received by

Jeffrey A. Rothman, Esq. as attorneys' fees[1], and $249.00 will be received by counsel as reimbursement of Kwabena Louis-Jeune's pro-rata portion of the out of pocket costs and disbursements which have been incurred in prosecuting the above-entitled lawsuit; and it is further

ORDERED, that of the Settlement Amount, the sum of $26,418 (twenty six thousand, four hundred eighteen dollars) is to be received by infant plaintiff Kwabena Louis-Jeune, which is to be deposited into an interest bearing savings account at Carver Bank located at 75 West 125th Street, New York, NY 10027 where it will be held for him until his 18th birthday; and it is further,

ORDERED, that this Court retains jurisdiction of this action for enforcing this infant compromise order and for enforcing the terms of the underlying settlement concerning the other seven plaintiffs in this action.

Dated: New York, New York
April ___, 2017

4/5/17

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980
Attorney for Infant Plaintiff
Kwabena Louis-Jeune

Assistant Corp. Counsel Omar Siddiqi
New York City Law Department
100 Church Street
Tel.: (212) 356-2381
Attorney for Defendants

SO ORDERED:

Honorable Ronnie Abrams, U.S.D.J.
4-14-17

---

[1] The Court finds this award of attorneys' fees reasonable in light of the time required, the novelty of the issues, the benefits received by the client and the uncertainty of compensation.

2